IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM TIMMS )
)
v. ) NO. 3:11-1109
)
DR. TUCKER, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered November 29, 2011 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis while an inmate at the Rutherford County Adult Detention Center ("RCADC") seeking damages and injunctive relief under 42 U.S.C. § 1983. The plaintiff alleges that he was denied constitutionally adequate medical care at the RCADC from October 10, 2011, through November 13, 2011. Named as defendants are Dr. Kent Tucker and the Rutherford County Adult Detention Center Medical Department ("Medical Department").

The two named defendants have filed a motion to dismiss (Docket Entry No. 10) in which they argue that dismissal of the action is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The RCADC argues that it is not a legal entity that is capable of being sued under Section 1983, and Defendant Tucker argues that the factual allegations contained in the complaint do not set

out a plausible constitutional claim against him. The defendants also contend that the plaintiff failed to exhaust his available administrative remedies prior to filing his complaint. Finally, the defendants assert that the record in this action shows that the plaintiff has been released from confinement and has not actively prosecuted his lawsuit.

By Order entered April 11, 2012 (Docket Entry No. 18), the plaintiff was advised of the motion and given a deadline of May 4, 2012, to respond. However, the record in the action shows that the copy of the Order entered April 11, 2012, sent to the plaintiff at the RCADC, which is the only address provided by the plaintiff to the Court, was returned with the notion "return, not here." See Docket Entry Nos. 17-18. The plaintiff has not contacted the Court since sending in the service packets for the Defendants in December 2011, and has also not alerted the Court that he is no longer incarcerated or provided the Court with a new address.

This action warrants dismissal for several reasons, and the Defendants' motion to dismiss should be granted.

The plaintiff's failure to notify the Court of his new address upon his release from the RCADC and his failure to contact the Court in any manner since returning service packets indicates that he has lost interest in prosecuting this action. Additional proceedings by the Court would be futile since the Court does not have a correct address for the plaintiff. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626 (1961). Accordingly, the action should be dismissed under Rule 41(b) of Federal Rules of Civil Procedure. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980).

Additionally, the plaintiff has not shown that he satisfied the exhaustion requirement for his Section 1983 action. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999). To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

The plaintiff has not responded in any manner to the defendant's failure to exhaust argument. Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). The plaintiff has not satisfied this step by showing evidence of his compliance with the PLRA's exhaustion requirement. His failure to show proper exhaustion requires dismissal of his action.

The defendants correctly point out that the Medical Department is not a legal entity capable of being sued. Although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997), a sheriff's department is not a body politic or an entity that is considered a "person" and, thus, the Defendant Sheriff's Office cannot be sued under Section 1983. See Petty v. Franklin Cnty., 478 F.3d 341, 347 (6th Cir. 2007); Matthews v. Jones, 35 F.3d

1046, 1049 (6th Cir. 1994); Mathes v. Metropolitan Gov't of Nashville and Davidson Cnty., 2010 WL 3341889 (M.D. Tenn. Aug 25, 2010) (Trauger, J.); Baker v. Tennessee Dept. of Corr., 2009 WL 3271175 (M.D. Tenn. Oct. 9, 2009) (Echols, J.); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (Campbell, C.J.); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D. Tenn. 2006) (Haynes, J); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.). If the Sheriff's Department is not an entity which can be sued, the Medical Department within the RCADC is certainly not capable of being sued under Section 1983.

Finally, the allegations contained in the complaint are also too vague and limited to support a plausible claim that Defendant Tucker acted with deliberate indifference to the plaintiff's serious medical needs. To state a claim for relief, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff's allegations against Defendant Tucker simply fail to satisfy ths standard. The Court is not required to conjure up unpled allegations to sustain a plaintiff's claims. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 10) be GRANTED and this action be DISMISSED WITH PREJUDICE for the reasons stated herein.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge